NORGAARD O'BOYLE & HANNON
184 Grand Avenue
Englewood, New Jersey 07631
Telephone Number (201) 871-1333
Facsimile Number (201) 871-3161
Attorneys for Debtor,
Champ Enterprises, LLC
By:    John O'Boyle (JO – 6337)

|  |  |
|---|---|
| In re: | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY NEWARK VICINAGE |
| CHAMP ENTERPRISES, LLC | Chapter 11 |
| Debtors. | Case No. 24-10402 (JKS) |

**CERTIFICATION IN SUPPORT OF MOTION FOR AUTHORIZATION TO SELL REAL PROPERTY PURSUANT TO BANKRUPTCY CODE SEC. 363(b) AND FOR APPROVAL OF SUCH SALE SUBJECT TO HIGHER AND BETTER OFFERS; FOR RELIEF FROM THE 14 DAY STAY OF FED. R. BANKR. P. 6004(h); AND FOR ALLOWANCE AND PAYMENT OF COMPENSATION TO REALTOR**

Dominick D. Santiago certifies as follows:

1.    I am the sole and managing member of Champ Enterprises, LLC, the Debtor herein. I make this certification in support of the Debtor's Motion for Authorization to Sell certain real property pursuant to 11 U.S.C. Sec. 363(b) subject to higher and better offers; for relief from the 14-day stay of Fed. R. Bankr. P. 6004(h); and for Allowance of the Broker's Commission pursuant to 11 U.S.C. Sec. 330(a) and 503(b)(2).

2.    The Debtor is s Single Asset Real Estate company. It owns the real property commonly known as 148 Lewis St., Paterson, NJ 07501 (the "Property"). The Property consists of four (4) residential units.

3. The Debtor proposes to sell the Property to North NJ Invest 1, LLC (the "Purchaser") for the price of $430,000.00. Annexed hereto as **Exhibit A** is a true copy of the **Contract**, complete with all addenda to same.

4. The Debtor anticipates closing the sale within approximately 5 days of approval of the sale by the Bankruptcy Court.

5. The proposed sale of the Property is an arms-length transaction. No familial or business relationship exists between the Debtor and the Purchaser.

6. It is respectfully submitted that the proposed price is fair and reasonable under the circumstances. The $430,000.00 price is sufficient for payment of all mortgages, liens and judgments covering the property, as well as all anticipated administrative claims. The Debtor has no general unsecured claims against it.

7. The Debtor does not propose to sell the Property "free and clear" of liens; instead, it proposes to pay all mortgages and liens in full at closing.

8. There is one (1) mortgage covering the Property, held by Wilmington Savings Fund Society, FSB d/b/a Christiana Trust (the "Secured Creditor"). The Secured Creditor has filed a proof of claim indicating the amount owed on the mortgage loan is $245,851.36.

9. In addition to the mortgage lien, there is one (1) judgment lien covering the Property in favor of Bureau of Housing Inspection in the amount of $200.00, and tax sale certificates for taxes and water/sewer charges, the redemption amount for which I estimate will be approximately $20,000.00.

10. Other than the mortgages and liens described above, only the Passaic Valley Water Commission asserts a claim against the Debtor, in the approximate amount of $6,218.21.

10. Applicant respectfully submits that approving the proposed sale of the Property, subject to any higher or better offers made prior to final court approval, is in the best interest of the creditors and the estate. Approving the proposed sale will permit the Debtor to pay all mortgages, liens and judgments at closing, and will provide the estate with sufficient cash to pay 100% of all unsecured claims and all anticipated administrative claims.

11. Attached as **Exhibit B** is a copy of this court's March 1, 2024 order authorizing it to employ Juan C. Escobar as Broker in connection with the sale of the property. The Debtor requests allowance of its realtor's commission and expenses, and permission to pay the same at closing under 11 U.S.C. Sec. 330 and 503(b). Applicant proposes to pay the realtor's commission of $21,500.00 (a 5% commission, based on the $430,000.00 contract sales price) or a greater commission is an offer to purchase for a higher price is approved by the Court. Applicant respectfully submits that the service of the realtor was necessary for the timely, orderly and competitive sale, and that the commission sought is reasonable in light of compensation customarily sought by realtors in this jurisdiction. Further, real estate brokers' commissions are routinely paid at closings, and permitting the Trustee to pay the allowance at closing will ensure that the realtor's compensation is not delayed until a trustee's final administration of the case.

12. Pursuant to Fed. R. Bankr. P. 6004(h), unless the Court orders otherwise, an order authorizing the sale of the Property pursuant to Section 363 of the Bankruptcy Code is automatically stayed for fourteen (14) days after entry of the order. The purpose of the rule is to provide sufficient time for an objecting party to request a stay pending appeal before the order can be implemented.

13. The 14-day stay may be eliminated to allow a sale or transaction to close immediately, particularly where there have been no objections to the sale. Applicant respectfully submits that waiver of the fourteen (14) day period is appropriate so the parties can close the transaction promptly, preventing the erosion of the estate's anticipated recovery through the accrual of additional interest on the foreclosure judgments, additional postpetition real estate tax liability and additional postpetition utility costs.

14. Based on the above, the Debtor respectfully submits that the proposed sale of the Property is a benefit to all parties involved and should be approved by this Court.

WHEREFORE, the Debtor respectfully requests that this Court enter an Order Authorizing the Sale of the Property.

I certify that the foregoing statements are true. I am aware that if the foregoing statements are willfully false, I am subject to punishment.

Dated: April 4, 2024                              __/s/ Dominick D. Santiago_____
                                                  Dominick D. Santiago